### 10717

#### MURRAY CO. v. OUZTS

##### (109 S. E. 122)

1. DAMAGES—SALE CONTRACT HELD TO PROVIDE FOR PENALTY.—Contract for the purchase of a ginning outfit, reciting that in case of countermand the purchaser was to reimburse the seller for any and all expenses incurred in the sale, and pay to the seller 20 per cent. of the purchase price, *held* to provide for a penalty as to the 20 per cent.

2. EVIDENCE—BREACH OF CONTEMPORANEOUS PAROL CONTRACT INADMISSIBLE IN ACTION ON WRITTEN CONTRACT.—In an action on a contract of purchase of a ginning outfit, evidence of the breach of a contemporaneous parol agreement, by which plaintiff agreed to sell the outfit which defendant then owned, *held* properly excluded, the written contract containing all of the agreement between the parties.

3. EVIDENCE—LETTER BY SALESMAN AFTER EXECUTION OF CONTRACT SUED ON HELD PROPERLY EXCLUDED WHERE AGENT'S AUTHORITY NOT SHOWN.—In an action on a contract by defendant for the purchase of a ginning outfit, exclusion of a letter written by the salesman after the execution of the contract *held* proper, no authority in the agent being shown to modify the contract or to make a new one.

4. SALES—PURCHASER'S LETTER TO SELLER OF GINNING OUTFIT HELD A COUNTERMAND.—A letter from the purchaser to the seller *held* a countermand of the purchaser's order.

Before MOORE, J., Greenwood, October, 1920. Reversed and new trial ordered.

Action by The Murray Co. against J. L. Ouzts. From directed verdict for plaintiff the defendant appeals.

*Messrs. Grier, Park & Nicholson,* for appellant, cite: *Construction of contracts for a penalty or liquidated damages*: 2 Elliott Conts., Sec. 1559; 3 Id., Sec. 2126; 8 R. C. L., 564, Sec. 114; 17 C. J., 956; 1 McM., 77; 3 Hill,

270; 94 S. C., 187; 108 Am. St. Rep., 42; 9 S. C., 374; Ann. Cas., 1912C, 1019. *Parol testimony admissible to show real consideration:* 2 Elliott Conts., Secs. 1642, 1643; 26 S. C., 312; 16 S. C., 352; 61 S. C., 168; 31 S. C., 320; 56 S. C., 480. *Countermand:* 15 C. J., 377; 3 Elliott Conts., Sec. 2032; 107 U .S., 490; 29 L. Ed., 985; 15 Wall., 36; 21 L. Ed., 107.

*Messrs. M. M. Mann* and *Featherstone & McGhee,* for respondent, cite: *Where sum is stated to be liquidated damage the Courts will sustain it as such if there is any showing that it was an attempt to liquidate the damage:* 67 S. C., 462; 8 R. C. L., 559; Par. 110; Id., 565, 568, 569; 9 S. C., 344; 94 S. C., 184; 19 S. C., 425; 81 S. C., 10. *Contract as written must control:* 53 S. C., 35; 69 S. C., 90; 69 S. C., 100; 102 S. C., 139; 80 S. C., 38; 105 S. C., 520; 108 S. C., 411. *No fraud or misrepresentations alleged and no testimony admissible to explain plain terms of the contract:* 103 S. C., 495; 101 S. C., 221. *No separate oral agreement can be proven:* 108 S. C., 47. *Plaintiff had accepted contract and defendant had no right to countermand:* 115 S. C., 426. *Directed verdict proper:* 86 S. C. 170.

September 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendant signed a written contract of purchase of a ginning outfit from the plaintiff. The contract provided:

"In case of countermand, it is understood that the purchaser is to reimburse the Murray Company for any and all expenses incurred in this sale, and to pay to Murray Company 20 per cent. of the purchase price of this contract."

His Honor, the trial Judge, charged the jury that the 20 per cent. was liquidated damages, and not a penalty, and directed the jury to find the full 20 per cent. sued for.

I. The first exception. questions this ruling. The first exception must be sustained. The contract required the defendant to pay "for any and all expenses incurred in this sale." This provision covered all of plaintiff's actual damages. The "20 per cent." was additional, and can be a penalty, and nothing else. The first exception covers the measure of damages also, but, as neither party argues this subdivision, it is not considered.

II. The defendant set up a breach of a contemporaneous parol agreement, by which plaintiff agreed to sell the ginning outfit which the defendant then owned. The presiding Judge refused to allow any evidence of the parol contract. In this his Honor was right. The written contract contains all of the agreement between the parties.

III. The third allegation of error arises from the exclusion of a letter written by the salesman some time after the execution of the contract. There was no error here. No authority in the agent was shown to warrant his modification of the contract, or make a new contract. This exception is overruled.

IV. The last exception complains of error in the construction of certain letters written by the defendant to the plaintiff as a countermand of the order. The defendant wrote:

"Yours of the 5th at hand and duly noted, am very sorry that I cannot install new machinery. But as I explained to you on the 2nd of this month, unless you dispose of my old outfit, it will be impossible for me to install a new one."

"I want the 'Murray' plant but I cannot meet your terms. If I could it would be a pleasure for me to install it."

"If you have bought engine and boiler for me, I will take same, if we can get together on terms, and I will try to install balance next year."

"If you ship the entire outfit July 15th you do so at your own expense."

This language must be construed to be a countermand. The defendant does not even now offer to comply.

The judgment is reversed and a new trial ordered.